[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION TO ATTORNEY TRIAL REFEREE'S REPORT (DOCKET ENTRY 121)
The plaintiff, J Cruz Corp., brought this action for breach of contract, breach of express warranty, and violations of the Connecticut Unfair Trade Practices Act. The allegations stem from a contractual relationship between the plaintiff and the defendants, F.B.F. Machine Company ("FBF"), John Oakey, and Joseph Fuse. The plaintiff and defendant FBF entered into a contract to manufacture machinery that was designed by the plaintiff, to which the plaintiff holds a patent. On October 14, 1999, the parties presented evidence to an attorney trial referee. On February 22, 2000, after both parties submitted post — trial briefs, the attorney trial referee filed her report. The attorney trial referee made 134 subordinate findings of fact and eight ultimate facts or CT Page 8157 conclusions. The attorney trial referee then made a recommendation that judgment enter in favor of the plaintiff on counts one, two, and three of the plaintiff's complaint, and judgment in favor of the plaintiff on the defendant's counterclaim. The attorney trial referee recommended that judgment enter in favor of the defendant FBF on count four, (CUTPA count). The attorney trial referee then recommended damages in favor of the plaintiff in the amount of $6,191.
According to the notation made in the file by the clerk, the attorney trial referee's report was mailed to the parties' counsel on the same day it was filed, February 22, 2000. On March 16, 2000, FBF filed an objection to the acceptance of the attorney trial referee's report. On March 27, 2000, both parties filed reply briefs regarding the timeliness of the filing of FBF's objection.
FBF objects to the acceptance of the attorney trial referee's report on the ground that the conclusions of facts were not properly reached on the basis of the subordinate facts found. In response, the plaintiff argues that FBF's objection was not filed timely, and, therefore, the objection should not be considered. In reply, FBF argues that the clerk of the court did not make a notation as to when the attorney trial referee's report was mailed to the parties, and, therefore, the time limitation is inapplicable.
A party may file objections to the acceptance of a report on the ground that conclusions of fact state in it were not properly reached on the basis of the subordinate facts found, or that the committee or attorney trial referee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted. Practice Book § 19-14. "Objections to the acceptance of a report shall be filed within twenty-one days after the mailing of the report to the parties or their counsel by the clerk." Practice Book § 19-15.
"The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous." (Citations omitted; internal quotation marks omitted.) Meadows v. Higgins, 249 Conn. 155, 162,733 A.2d 172 (1999). If there are no timely objections filed, the court may accept the attorney trial referee's recommendation as if no objection has been filed. Robert Half Intl. v. J.S. Nasin Co., Superior Court, judicial district of Tolland at Rockville, Docket No. 062868 (April 17, 1998, Kaplan, J.).
In the present case, the report was filed and notice mailed on February 22, 2000. The twenty-one day period to file objections begins after the mailing of the report; see Practice Book § 19-15; therefore, the time limitations began to run on February 23, 2000. The twenty-one day CT Page 8158 limitation ended on March 14, 2000. FBF filed its objection on March 16, 2000, two days late. Because FBF's objection was filed untimely, the court cannot consider it.
Based on the foregoing, this court OVERRULES the defendant FBF's objection, and enters judgment in accordance with the attorney trial referee's report.
MELVILLE, J.